UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronald Ray Jordan, | ) | Civil Action No.: 2:17-cv-01051-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Mansukhani, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Ronald Ray Jordan, proceeding *pro se* filed the instant petition for habeas corpus under 28 U.S.C. § 2241. Petitioner seeks a "quantum change" in his custody level within the Bureau of Prisons ("BOP") arguing that his Florida conviction for "attempted arson" is not a crime of violence as determined by the BOP. On June 26, 2017, Respondent Warden Mansukhani filed a motion to dismiss [ECF No. 9] arguing Petitioner's claim is not cognizable under 28 U.S.C. § 2241 and this court lacks subject matter jurisdiction.

This matter is before the court with the Report and Recommendation [ECF No. 15] of Magistrate Judge Mary Gordon Baker filed on November 16, 2017.[1] The Magistrate Judge recommended that Respondent's motion to dismiss be granted.

Petitioner filed Objections [ECF No. 18] to the Magistrate Judge's Report and Recommendation on December 3, 2017.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This matter was referred to Magistrate Judge Baker pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Magistrate Judge recommended the Court grant Respondent's motion to dismiss because Petitioner's claim is not cognizable under § 2241. Petitioner seeks to lower his custody level/security classification and claims his custody level/security classification negatively affects various conditions of his confinement including his institutional placement and rehabilitative opportunities. Because conditions of confinement claims are not cognizable under § 2241, the Magistrate Judge recommended dismissing Petitioner's petition.

The Magistrate Judge also found that Petitioner's claim failed on the merits because a prisoner has no constitutional right to a particular security classification or to be housed in a

particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haynes*, 427 U.S. 236, 242 (1974); *Olin v. Wakinekona*, 461 U.S. 238, 245-248 (1983) (finding no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution).

Petitioner filed objections to the Magistrate Judge's Report and Recommendation arguing this Court has jurisdiction to decide whether his prior conviction for attempted arson was violent under the definition used by the BOP in its policy statement 5100.08.

Petitioner's claim, however, is not cognizable under § 2241 and fails on the merits. Petitioner challenges his custody level, not the execution of his sentence. Consequently, the Court lacks subject matter jurisdiction under 28 U.S.C. § 2241. *Brown v. LaManna*, No. 3:08–1918–HMH–JRM, 2008 WL 5062180, at *3 (D.S.C. Nov. 19, 2008). The change in classification Petitioner seeks is not a "quantum change" in his level of custody and is not available relief under § 2241. *Robinson v. LaManna*, No. 3:08-cv-277-SB-JRM, 2008 WL 4960236, at *2 (D.S.C. Nov. 19, 2008). Furthermore, there is no constitutional right to a particular custody level. *Olin*, 461 U.S. at 245-248. Petitioner, therefore, cannot establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

For those reasons, Respondent's motion to dismiss is due to be granted.

## **Conclusion**

Having reviewed the record and applicable law, the Court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that

they are without merit. Petitioner's objections are overruled. The Court adopts and incorporates by reference the Report and Recommendation [ECF No. 15] of the Magistrate Judge.

Respondent's [ECF No. 9] motion to dismiss is **GRANTED**. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED with prejudice**.

IT IS SO ORDERED.

March 23, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge